AND NOW, the defendant in the above-entitled case hereby withdraws his plea of not guilty entered April 5 2005, and now pleads guilty in open court this 5th day of December 20 05 as to Count I only.

_____
Defendant



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Federal Courthouse*
*Room A330*
*17 South Park Row*
*Erie, Pennsylvania  16501-1158*                                *814/452-2906*

November 28, 2005


Thomas W. Patton, Assistant
Federal Public Defender
1111 Renaissance Centre
1001 State Street
Erie, Pennsylvania  16501

Re:   United States of America v.
      KENNETH FLEETWOOD
      Criminal No. 05-11 Erie

Dear Mr. Patton:

This letter sets forth the agreement by which your client, KENNETH FLEETWOOD, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between KENNETH FLEETWOOD and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, KENNETH FLEETWOOD will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States Court by a preponderance of the evidence.

   A.   The defendant, KENNETH FLEETWOOD, agrees to the following:

         1.   He will enter a plea of guilty to Count One of the Indictment at Criminal No. 05-11 Erie, charging him with violating Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**



November 28, 2005
Page 2

2.  If the Court imposes a fine or restitution as part of a sentence of incarceration, KENNETH FLEETWOOD agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

3.  At the time KENNETH FLEETWOOD enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

4.  KENNETH FLEETWOOD waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, KENNETH FLEETWOOD may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, KENNETH FLEETWOOD may take a direct appeal from the sentence.

    (c) As a condition of his guilty plea, KENNETH FLEETWOOD may take a direct appeal from his conviction limited to the issues raised in the hearing on the defendant's motion to suppress evidence held before the Honorable Maurice B. Cohill, Jr. on October 12, 2005. If KENNETH FLEETWOOD takes a direct appeal raising these issues and prevails in the appeal, he may withdraw his plea of guilty. If he does not take a direct appeal or does not prevail in the appeal, the plea of guilty shall stand.

November 28, 2005
Page 3

> The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.
>
> KENNETH FLEETWOOD further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

> 1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of KENNETH FLEETWOOD in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.
>
> 2. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and KENNETH FLEETWOOD timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.
>
> 3. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. KENNETH FLEETWOOD and the United States Attorney further understand and agree to the following:

> 1. The penalty that may be imposed upon KENNETH FLEETWOOD is:
>
>> (a) A term of imprisonment of not less than ten (10) years to a maximum of life; for a second

November 28, 2005
Page 4

     or subsequent felony drug conviction that is final, whether federal, state or foreign, a term of imprisonment of not less than twenty (20) years to a maximum of life;

  (b) A fine not to exceed $4,000,000; for a second or subsequent felony drug conviction that is final, whether federal, state or foreign, a fine not to exceed $8,000,000;

  (c) A term of supervised release of at least five (5) years; for a second or subsequent felony drug conviction that is final, whether federal, state or foreign, a term of supervised release of at least ten (10) years;

  (d) A special assessment under 18 U.S.C. §3013 of $100.

2. The parties stipulate that the type and quantity of controlled substance attributable to KENNETH FLEETWOOD in this case for the purposes of §2D1.1 of the Sentencing Guidelines is 164.5 grams of cocaine base. The cocaine base was in the form commonly known as crack. This stipulation includes all relevant conduct, under §1B1.3 of the Guidelines, and represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding upon the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

3. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. KENNETH FLEETWOOD acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. §3611 et seq.

4. This agreement does not preclude the government from pursuing any civil or administrative remedies against KENNETH FLEETWOOD or his property.

This letter sets forth the full and complete terms and conditions of the agreement between KENNETH FLEETWOOD and the United States

November 28, 2005
Page 5

Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature: Mary Beth Buchanan]*

MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, Thomas W. Patton, Assistant Federal Public Defender, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*[signature: Kenneth Fleetwood]*
KENNETH FLEETWOOD

12-5-05
Date

Witnessed by:

*[signature: Thomas W. Patton]*
THOMAS W. PATTON, ASSISTANT
FEDERAL PUBLIC DEFENDER
Counsel for KENNETH FLEETWOOD