IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-11 Erie |
| ) | |
| KENNETH FLEETWOOD ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW, comes the defendant, Kenneth Fleetwood, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files his Position With Respect To Sentencing Factors. In support thereof, counsel states:

Mr. Fleetwood agrees with the presentence report that under the Sentencing Guidelines his offense level of 31 and criminal history category of IV results in a suggested imprisonment range of 151-188 months. When the Court looks closely at the nature of Mr. Fleetwood's prior convictions, and the sentences he received on those sentences, it will see that a sentence within the suggested guideline imprisonment range is greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. § 3552(a)(2).

The Court is no doubt aware of the broad ramifications of <u>United States v. Booker</u> for this proceeding. The sentencing guideline range is no longer binding on the Court, but is only one of five factors to be considered in determining the sentence. <u>United States v. Booker</u>, 125 S. Ct. 738, 764-65 (2005). The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. Id.; 18 U.S.C. §

3553(a)(1), (a)(3), (a)(6)-(7). The Court must also consider the nature and circumstances of the offense, and the history and characteristics of the defendant, the kinds of sentences available, the sentence recommended by the sentencing guidelines, the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a)(1), (3), (4),(5),(6), and (7).

In considering the Section 3553(a) factors, the sentencing guidelines are to be given no more or less weight than any other factor. See United States v. Jaber, 362 F. Supp. 2d 365, 370-76 (D. Mass. 2005) (providing comprehensive analysis of why sentencing guidelines do not reflect statutory purposes of punishment); United States v. Ranum, 353 F. Supp. 2d 984, 987 (E.D. Wis. 2005) (same).

Perhaps even more important, however, is that Booker establishes a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of Section 3553(a) states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation:

> The court shall impose a sentence **sufficient, but not greater than necessary**, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)].

18 U.S.C. § 3553(a) (emphasis added). This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is statutorily prohibited from sentencing—even when a greater sentence is recommended by the sentencing guidelines. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

The factor that separates Mr. Fleetwood's case from that of the ordinary defendant in criminal

history category IV is that he has served a grand total of one year in prison. Mr. Fleetwood has five prior convictions for which he receives criminal history points. The combined jail time Mr. Fleetwood has served for these convictions is one year of imprisonment. Mr. Fleetwood receives two criminal history points each for a conviction for possessing more than five but less than ten grams of crack cocaine and for possession of drug tools, the tool at issue being money. Mr. Fleetwood received concurrent sentences of one year imprisonment for these two offenses. Mr. Fleetwood receives one criminal history point each for possessing marijuana with a sentence of a $100 fine, trafficking in drugs (2.86 grams of crack cocaine and 3.63 grams of marijuana), with a sentence of one year probation, and driving under suspension with a sentence of 180 days jail suspended and one year probation. Because he was still serving the two terms of probation at the time of the federal offense, Mr. Fleetwood receives another two criminal history points for a total of nine criminal history points placing him in criminal history category IV. The fact that Mr. Fleetwood has continued to commit crimes after being convicted is troublesome and must be considered by this Court when imposing sentence. But, the Court must consider not just the convictions but the sentences Mr. Fleetwood has served.

The theory behind the criminal history component of the guidelines is that repeat offenders who do not respond to punishment meted out by the criminal justice system must be treated more harshly than first time offenders. "General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence." U.S.S.G. Ch.4, Pt.A, intro. comment. This is true because "[r]epeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation." Id.

A person who has been convicted of a crime, punished, and then re-offends, has shown that

he was not adequately deterred or rehabilitated by his experience with the criminal justice system. Such a person should be punished more harshly in his second case in the hopes that a stiffer sentence may deter the individual from committing future crimes. But, the stiffer sentence meted out to the repeat offender should be proportional to the earlier sentences that failed to deter. The Second Circuit explained this point in United States v. Mishoe, 241 F.3d 214, 220 (2nd Cir. 2001).

> Obviously, a major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior punishments failed to achieve. That reason requires an appropriate relationship between the sentence for the current offense and the sentences, particularly the times served, for the prior offenses. If, for example, a defendant twice served five or six years and thereafter committed another serious offense, a current sentence might not have an adequate deterrent effect unless it was substantial, perhaps fifteen or twenty years. Conversely, if a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offense might be expected to have the requisite deterrent effect.

Mr. Fleetwood is facing a mandatory minimum sentence of ten years. That sentence is **ten times longer** than the only jail sentence Mr. Fleetwood has previously served. Surely increasing prior sentences by a factor of ten will sufficiently deter both Mr. Fleetwood and others from committing similar crimes. There must be some rationality in sentencing. Mr. Fleetwood's failure to rehabilitate himself following his prior convictions and sentences calls for a lengthy sentence. The mandatory minimum sentence of ten years achieves that goal. A sentence beyond ten years is greater than necessary to achieve the goals of sentencing and would violate § 3553(a).

WHEREFORE, defendant, Kenneth Fleetwood, respectfully requests that this Honorable Court impose a sentence of ten years of imprisonment which is sufficient, but not greater than necessary, to punish him for his offense.

        Respectfully submitted,

        <u>/s/ Thomas W. Patton</u>
        Thomas W. Patton
        Assistant Federal Public Defender
        PA I.D. No. 88653