IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>  v.                        )<br>)<br>KENNETH FLEETWOOD           )<br>a/k/a Michael R. Johnson    ) | Criminal No. 05-11 Erie |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S POSITION WITH RESPECT TO SENENCING FACTORS**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

The defendant has filed a Position with Respect to Sentencing Factors, advocating that a sentence within the advisory Sentencing Guideline range is greater than necessary to achieve the goals of sentencing. The defendant's argument should be rejected by the Court, and a sentence within the advisory Guideline range is appropriate.

The crux of the defendant's argument is that the most time he has spent in jail on his previous six criminal convictions is one year. Thus, he claims that it would be improper to sentence him within the advisory range of 151 to 188 months because such a sentence would vastly exceed his prior sentences.

The defendant's argument fails because it inordinately focuses on his prior sentences to the exclusion of all other factors required to be considered by this Court. Consideration of all of the relevant sentencing factors supports a sentence within the Guideline range. This Court is free to sentence the defendant, after consideration of the guidelines and other statutory factors, to any legal sentence that the Court deems just. If this Court sees the wisdom of the sentence recommended by the expert Sentencing Commission's Guidelines, it certainly may impose a sentence consistent with those Guidelines, after considering all of the statutory factors in Title 18, United States Code, Section 3553(a). Section 3553 provides in pertinent part as follows:

> (a) **Factors to be considered in imposing a sentence**.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> 
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> 
> (2) the need for the sentence imposed--
> 
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> 
> (B) to afford adequate deterrence to criminal conduct;
> 
> (C) to protect the public from further crimes of the defendant; and
> 
> (D) to provide the defendant with needed educational or vocational training, medical care, or other

      correctional treatment in the most effective manner;
      (3) the kinds of sentences available;

      (4) the kinds of sentence and the sentencing range established for--
          (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
              (I) issued by the Sentencing Commission...
      (5) any pertinent policy statement-
          (A) issued by the Sentencing Commission ...
      (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7) the need to provide restitution to any victims of the offense.

18 U.S.C. Section 3553.

      The nature and circumstances of Fleetwood's offense as well as his history and characteristics, support a sentence in the range of 151 to 188 months. As this Court is aware, the EAGLE task force was conducting an investigation into the activity of Cleveland, Ohio area drug dealers in the vicinity of the 400 block of East 4th Street in Erie, Pennsylvania who were believed to be involved in the trafficking of crack cocaine. After the vehicle in which Fleetwood was traveling was stopped, Fleetwood exited the vehicle and dropped a bag containing crack cocaine. Law enforcement officers found 164.5 grams of crack cocaine in various bags in Fleetwood's possession, including a scale for weighing cocaine and approximately $1800.00 in cash. When Fleetwood was

asked his identity, he immediately lied and identified himself with the fictitious name, Michael Johnson. Fleetwood maintained his lie before United States Magistrate Judge Baxter at his initial appearance. Fleetwood was initially charged by way of complaint in the name Michael Johnson. At his initial appearance, after being placed under oath, when asked whether he was the Michael Johnson named in the complaint, he lied again and said that he was. Analysis of fingerprints confirmed that "Johnson" lied about his identity and that he was actually Kenneth Fleetwood.

The defendant's history reflects that since the age of 18 he has been arrested 22 times. Those 22 arrests resulted in six convictions. Four of the defendant's convictions are drug related. Fleetwood's September 9, 1998 offense stemmed from his possession of three baggies containing between 5 and 10 grams of crack cocaine. Fleetwood's September 26, 1998 offense included the observation of a suspected delivery of drugs and a baggie containing 4.27 grams of crack cocaine lying at the defendant's feet. Fleetwood's November 20, 2002 offense resulted in a conviction for trafficking of drugs within the vicinity of a school yard and involved 23 rocks of crack cocaine weighing 2.86 grams. Although the highest sentence Fleetwood received from the 1998 and 2002 offenses was one year in prison, the quantity of crack cocaine involved in those offenses was significantly less (between 16 and 57 times less) than the quantity involved in this federal case. Thus, the nature and circumstances of this case are quite serious.

The history and characteristics of the defendant in no way cry out for leniency. On the contrary, Fleetwood's history and characteristics have earned him a lengthy federal sentence. Of note, is the fact that the Sentencing Guideline calculations fail to consider that not only does Fleetwood continue to engage in criminal activity, but in addition, he continues to engage in the same drug dealing activity for which he has suffered previous convictions.

The defendant's request for the Court to focus its' sentencing consideration exclusively on the length of his prior sentences, also fails to consider the need for the recommended sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. Each of these factors weigh in favor of a sentence within the Guidelines range.

As this court considers the need to avoid unwarranted disparities among defendant's with similar backgrounds and similar conduct, the structure and advice of the Sentencing Commission provides sound guidance. This Court will continue to issue sentences to defendant's who are similarly situated to Mr. Fleetwood. In cases such as this one, where consideration of the other statutory factors in 3553 do not weigh in favor of the defendant, a Guideline range sentence is reasonable.

Fleetwood claims that the mandatory minimum sentence of 120 months is sufficient punishment for him.  This minimum punishment, however, apples to any individual who is convicted of a drug trafficking offense involving 50 grams or more of crack cocaine.  A defendant with nor prior drug dealing convictions, and even with no prior involvement with law enforcement whatsoever, would face the 120 month sentence.  To impose such a sentence on Fleetwood would completely disregard the sentencing factors set forth in Section 3553, which properly consider salient factors that are necessary to arrive at an appropriate sentence.  Each of those factors weigh against Fleetwood and call for a sentence higher than the mandatory minimum.  In this regard, the Sentencing Guideline calculations are a product of considered wisdom, and in this case, call for an appropriate sentence.

The defendant's Position with Respect to Sentencing Factors should be rejected.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/Marshall J. Piccinini
MARSHALL J. PICCININI
Assistant U.S. Attorney
PA ID No. 56362