REDACTED TRANSCRIPT
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                    CRIMINAL NO. 05-11 ERIE

KENNETH FLEETWOOD

CHANGE OF PLEA

Proceedings held before the HONORABLE

MAURICE B. COHILL, JR., Senior U.S. District

Judge, in Courtroom A, U.S. Courthouse, Erie,

Pennsylvania, on Monday, December 5, 2005.

APPEARANCES:
        MARSHALL J. PICCININI, Assistant United States
        Attorney, appearing on behalf of the Government.

THOMAS W. PATTON, Assistant Federal Public
Defender, appearing on behalf of the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

1        P R O C E E D I N G S

2

3        (Whereupon, the proceedings began at 2:03 p.m., on

4   Monday, December 5, 2005, in Courtroom A.)

5

6        THE COURT:  As I understand it, Mr. Patton, your

7   client, Mr. Fleetwood, has indicated a desire to plead guilty

8   here?

9        MR. PATTON:  That's correct, your Honor.

10        THE COURT:  Is the correct name Johnson or

11   Fleetwood?

12        MR. PATTON:  Fleetwood.

13        THE COURT:  Would you gentlemen all come forward,

14  please.

15      Mr. Fleetwood, before accepting your guilty plea,

16  there are a number of questions I will ask you, including some

17  about the offense itself, to assure that it is a valid plea.

18  If you don't understand any of my questions or at anytime you

19  wish to consult with Mr. Patton, please say so because it is

20  essential to a valid plea that you understand each question

21  before you answer it; do you understand that?

22      THE DEFENDANT:  Yes.

23      THE COURT:  Would you administer the oath, please.

24      (Whereupon, the Defendant, KENNETH FLEETWOOD, was

25  sworn.)


3


1      THE COURT:  Do you understand that now that you have

2  been sworn, your answers to my questions are being given under

3  oath, that you will be subject to the penalties of perjury or

4  of making a false statement if you do not answer truthfully?

5      THE DEFENDANT:  Yeah.

6      THE COURT:  Would you state your full name, please?

7      THE DEFENDANT:  Kenneth Ray Fleetwood.

8          THE COURT:  What is your date of birth?

9          THE DEFENDANT:  xx/xx/77.

10         THE COURT:  And what was your last address?

11         MR. PATTON:  He lived in Cleveland, Ohio, your

12  Honor.

13         THE COURT:  Not Erie?

14         THE DEFENDANT:  No.

15         THE COURT:  How far did you go in school?

16         THE DEFENDANT:  10th grade.

17         THE COURT:  Mr. Patton, have you been able to

18  communicate with your client in the sense that you believe he

19  understands you and you understand him?

20         MR. PATTON:  Yes, sir.

21         THE COURT:  Mr. Fleetwood, are you currently or have

22  you recently been under the care of a physician or

23  psychiatrist?

24         THE DEFENDANT:  No.

25         THE COURT:  Have you been hospitalized or treated

4

1  for narcotic addiction?

2          THE DEFENDANT:  No.

3          THE COURT:  Have you been hospitalized or treated

4   for alcohol abuse?

5          THE DEFENDANT:  No.

6          THE COURT:  Have you been hospitalized or treated

7   for any sort of mental illness?

8          THE DEFENDANT:  No.

9          THE COURT:  Are you under the influence of any

10   narcotic drug, medicine, pills or alcoholic beverage today?

11          THE DEFENDANT:  No.

12          THE COURT:  Have you taken any drugs, medicine or

13   pills or drunk any alcoholic beverages in the past 24 hours?

14          THE DEFENDANT:  No.

15          THE COURT:  How do you feel physically and mentally

16   right now, do you feel okay?

17          THE DEFENDANT:  Good.

18          THE COURT:  You clearly understand exactly what's

19   happening now?

20          THE DEFENDANT:  Yeah.

21          THE COURT:  Do either of you attorneys have any

22   doubt as to the defendant's competence to plead at this time;

23   Mr. Patton?

24        MR. PATTON:  No, sir.

25        THE COURT:  Mr. Piccinini?


5


1         MR. PICCININI:  No, your Honor.

2         THE COURT:  Based on the answers to the foregoing

3  questions, we find that the defendant is competent to plead.

4         Have you had ample opportunity to discuss your case

5  with an attorney?

6         THE DEFENDANT:  Yeah.

7         THE COURT:  Have you told him all of the facts in

8  connection with the charges?

9         THE DEFENDANT:  Yeah.

10        THE COURT:  Are you satisfied with the job he's done

11  for you?

12        THE DEFENDANT:  Yes.

13        THE COURT:  I want to go over with you now just what

14  your constitutional rights would be if the case were to go to

15  trial, Mr. Fleetwood.  First of all, do you understand that

16  under the Constitution and laws of the United States, you are

17  entitled to a speedy and public trial by a jury on the charges

18  contained in the Indictment?

19      THE DEFENDANT:  Yes.

20      THE COURT:  Do you understand that you have the

21  right to an attorney at every stage of the proceedings in your

22  case, and that if at anytime you can't afford an attorney, one

23  will be provided for you without charge?

24      THE DEFENDANT:  Yes.

25      THE COURT:  Do you understand that at your trial you


                                    6


1   would be presumed to be innocent?

2       THE DEFENDANT:  Yes.

3       THE COURT:  The government would be required to

4   prove your guilt by competent evidence and beyond a reasonable

5   doubt to the satisfaction of the judge and a unanimous jury?

6       THE DEFENDANT:  Yes.

7       THE COURT:  Do you understand that being presumed to

8   be innocent means you would not have to prove that you were

9   innocent?

10      THE DEFENDANT:  Yes.

11      THE COURT:  Do you understand that at the trial the

12  witnesses for the government would have to come to court and

13  testify in your presence, and your attorney or you could

14  cross-examine the witnesses for the government, object to

15  evidence offered by the government and offer evidence on your

16  behalf?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you understand that at the trial you

19  would be entitled to compulsory process to call witnesses, that

20  is, you could subpoena witnesses and compel them to come to

21  court to testify for you?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Do you understand that at the trial you

24  would have the right to testify if you chose to do so, but you

25  would also have the right not to testify, and no inference or


                               7


1   suggestion of guilt could be drawn from the fact that you did

2   not testify?

3           THE DEFENDANT:  Yes.

4           THE COURT:  If you do enter a plea of guilty today,

5   do you understand that you will be waiving your right to a

6  trial and the other rights I've just described, there will not

7  be a trial of any kind, and I will enter a judgment of guilty

8  and sentence you on the basis of your guilty plea after

9  considering a presentence report?

10       THE DEFENDANT:  Yes.

11       THE COURT:  If you enter a plea of guilty today, do

12  you understand that you will also have to waive your right not

13  to incriminate yourself since I will ask you questions about

14  what you did in order to satisfy myself that are guilty, and

15  you will have to acknowledge your guilt on the record?

16       THE DEFENDANT:  Yes.

17       THE COURT:  Do you understand that any statements

18  regarding the offense that you have made to the U.S. Attorney

19  during the course of any plea negotiations could not be used

20  against you in a trial of this case?

21       THE DEFENDANT:  Yes.

22       THE COURT:  Having discussed these rights with you,

23  is it still your wish to enter a plea of guilty today?

24       THE DEFENDANT:  Yes.

25       THE COURT:  I want to go over with you now just what

1   the government would have to prove in the case.  First of all,

2   I assume you and Mr. Patton have gone over the Indictment here?

3          THE DEFENDANT:  Uh-huh, yes.

4          THE COURT:  Just so it's clear on the record that

5   we've done that, I'm going to read it aloud into the record.

6   This states that "The grand jury charges:

7          On or about March 2, 2005, in the County of Erie, in

8   the Western District of Pennsylvania, the defendant, Kenneth

9   Fleetwood, also known as Michael R. Johnson, did knowingly,

10  intentionally and unlawfully possess with the intent to

11  distribute 50 grams or more of a mixture and substance

12  containing a detectable amount of cocaine base, in the form

13  commonly known as crack, a Schedule II controlled substance.

14          In violation of Title 21, United States Code,

15  Sections 841(a)(1) and 841(b)(1)(A)(iii)."  That's the

16  Indictment, do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Now, I want to go over with you now what

19  the government would have to prove here, in every criminal case

20  the government has to prove certain so-called elements of the

21  offense.  And for possession with intent to distribute 50 grams

22  or more of cocaine base, this is what the government would have

23  to prove.

24       That on or about the date set forth in the

25  Indictment, the defendant possessed with intent to distribute

9

1  the controlled substance charged in the Indictment.

2       That you did so knowingly and intentionally.

3       That cocaine base is a Schedule II controlled

4  substance.

5       And, fourth, that the mixture or substance

6  containing a detectable amount of cocaine base was 50 grams or

7  more.  Do you understand that?

8       THE DEFENDANT:  Yes.

9       THE COURT:  Now, I want to go over with you what the

10  penalties are.  There are two kinds of penalties we talk about

11  here.  One is what the statute says, the other thing is what

12  the advisory Sentencing Guidelines have to say.

13       First of all, with respect to what the statute says,

14  the statute calls for a term of imprisonment of not less than

15  10 years to a maximum of life.  A fine not to exceed $4

16  million.  A term of supervised release of at least five years.

17  We also are required to impose a fine, not a fine, what they

18  call a special assessment of $100.  Are we worrying about

19  second or third felony convictions here, Mr. Piccinini?

20        MR. PICCININI:  No, your Honor, I believe he has

21  those offenses, but the government has not filed an 851 notice

22  seeking that enhancement.

23        THE COURT:  There are increased penalties for second

24  or third felony convictions, but I will not go over that if the

25  government is not pressing that.  As I said, we are required to


                            10


1  impose a special assessment of $100, even if a fine were not

2  imposed.  So that's just what the government would have to

3  prove and what the possible statutory penalties are.

4        Now, in addition to that, as I said, we have to look

5  at the so-called advisory Sentencing Guidelines.  Have you and

6  Mr. Patton talked about how the guidelines might apply in your

7  case?

8        THE DEFENDANT:  Yes.

9         THE COURT:  Do you understand that I will not be

10   able to determine the guideline sentence for your case until

11   after the presentence report has been completed and you and the

12   government have had an opportunity to challenge the facts

13   reported by the probation officer that you might not agree

14   with, do you understand that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Do you understand that the sentence

17   might be different from what either your attorney or the United

18   States Attorney predicted?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Do you understand that after it has been

21   determined what guideline applies in a case, the judge has the

22   authority in some circumstances to impose a sentence that is

23   more severe or less severe than the sentence called for by the

24   guidelines?

25         THE DEFENDANT:  Yes.


11


1         THE COURT:  Do you understand that under some

2   circumstances you or the government may have the right to

3    appeal any sentence that I might impose?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Do you understand that parole has been

6    abolished and that if you are sentenced to prison, you will not

7    be released on parole?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Mr. Fleetwood, has anybody threatened

10   you or anyone else or forced you in any way to plead guilty in

11   this case?

12           THE DEFENDANT:  No.

13           THE COURT:  Have you made any confession or

14   admissions to the police or any other representative of the

15   government concerning this matter?

16           MR. PICCININI:  Your Honor, the matter was the

17   subject of a suppression hearing, and any of the statements

18   that may have been made, as testified to at the hearing, I

19   believe were subject to the suppression motion.

20           THE COURT:  And we already have had that suppression

21   motion, as I recall.  Has there been a plea agreement entered

22   into here?

23           MR. PICCININI:  There has.

24           THE COURT:  I'm going to ask Mr. Piccinini to tell

file:///A|/FLEETPLE.TXT

25  me what's in the plea agreement.  You listen carefully to what

12

1  he has got to say, I'm going to ask you if you agree with his

2  statement.  What's the agreement?

3      MR. PICCININI:  Your Honor, I've marked the document

4  as Government Exhibit 1 for identification.  And the

5  significant terms of the plea letter indicate at paragraph A1

6  the defendant's intention to enter a plea of guilty.

7      In addition, in paragraph A4 it sets forth limited

8  appeal rights with regard to this particular case in light of

9  the plea.  Specifically, the defendant waives the right to take

10  a direct appeal from his conviction or sentence under Title 18

11  or under Title 28, subject to the following exceptions.

12      One.  If the United States appeals from the

13  sentence, Mr. Fleetwood may appeal.

14      Two.  If the sentence exceeds the applicable

15  statutory limits or the sentence unreasonably exceeds the

16  guideline range determined by the court under the Sentencing

17  Guidelines, Mr. Fleetwood may take an appeal.

18      And, in addition, your Honor, this is a conditional

19  plea.  Which means Mr. Fleetwood may take a direct appeal from

20  his conviction limited to the issues raised in the hearing on

21  the defendant's motion to suppress evidence held before your

22  Honor on October 12, 2005.

23      The defendant further waives his right to file a

24  motion to vacate sentence under Title 28, United States Code,

25  Section 2255.


13


1       And, in addition, your Honor, the government will

2   recommend, as set forth in paragraph B2, a three-level

3   reduction for acceptance of responsibility.

4       At paragraph C we set forth the maximum and

5   mandatory minimum penalties.

6       At paragraph C2 the parties stipulate that the

7   amount of controlled substance attributable to the defendant's

8   conduct is 164.5 grams of cocaine base, in the form commonly

9   known as crack.

10      That would be the nature of the plea letter itself.

11  And I would request its admission into evidence as Government

12  Exhibit 1.

13        I would note that Mr. Fleetwood and Mr. Patton have

14   already signed the document.

15        THE COURT:  That will be admitted as Government

16   Exhibit 1.  Is that a fair statement of the plea agreement, Mr.

17   Patton?

18        MR. PATTON:  Yes, sir.

19        THE COURT:  Is it consistent with your

20   understanding, Mr. Fleetwood?

21        THE DEFENDANT:  Yes.

22        THE COURT:  Has anyone made any representation or

23   promise to you other than what's in the plea agreement that

24   induced you to plead guilty?

25        THE DEFENDANT:  No.


14


1        THE COURT:  It's important that I've been told all

2   of the relevant bargaining that has taken place because I want

3   to guard against any possible misunderstanding of the terms of

4   the plea bargain.  Is there any representation made by the

5   United States Attorney that's not absolutely clear in your

6   mind?

7          THE DEFENDANT:  No.

8          THE COURT:  Do you understand that any

9   recommendation of sentence that might have been agreed to by

10  your lawyer and the prosecution, or any agreement by the

11  government not to oppose your attorney's requested sentence is

12  not binding on me, and you might, on the basis of your guilty

13  plea, receive up to the maximum sentence permitted by law?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Do you understand that if I choose not

16  to impose the sentence that might be recommended by the

17  prosecutor or by your lawyer and impose a more severe sentence,

18  you will not therefore be entitled to withdraw your guilty

19  plea?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Has anyone made any prediction or

22  promise to you as to what the sentence will be?

23         THE DEFENDANT:  Can you read that again.

24         THE COURT:  Has anyone made any prediction or

25  promise to you as to what the sentence will be?

15

1          THE DEFENDANT:  No.

2          THE COURT:  Have any out-of-court promises,

3   representations or agreements been made --

4          THE DEFENDANT:  No.

5          THE COURT:  Which require you to respond

6   untruthfully to any of my questions; for instance, has anyone

7   told you to tell me that no promise of leniency was made, when

8   in fact a promise was so made?

9          THE DEFENDANT:  No.

10          THE COURT:  Do you understand that you may not at a

11   later date after today claim that there were any promises,

12   representations, agreements, understandings or threats made by

13   any person that motivated or caused you to enter this plea,

14   other than those that you have the opportunity to tell me about

15   here and now in open court?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Do you understand that no one can make

18   promises for me as to how I will dispose of this case?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Has anyone promised or predicted

21   leniency with respect to any sentence I might impose?

22        THE DEFENDANT:  No.

23        THE COURT:  This is very important because if anyone

24  has predicted or promised leniency, I am putting you on notice

25  right now that any representation they may have made is not

16

1  binding on me and I will sentence you according to my own

2  conscience and following the law.  Do you completely understand

3  this?

4        THE DEFENDANT:  Yes.

5        THE COURT:  What made you decide to plead guilty,

6  Mr. Fleetwood?

7        (Discussion held off the record between the

8  Defendant and Defense Counsel.)

9        THE DEFENDANT:  I talked to my attorney about it and

10  believe that's the best way to proceed.

11        THE COURT:  Pardon, I couldn't hear you?

12        THE DEFENDANT:  I talked it over with my attorney

13  and I believe that's the way best way to proceed.

14        THE COURT:  I'm going to ask Mr. Piccinini to tell

15  me what the government would expect to be able to prove here --

16    I do recall the facts surrounding the suppression hearing?

17        MR. PICCININI:  Thank you, your Honor, I'll be

18    brief.  Just for purposes of the record, I would just request

19    the incorporation by reference of the testimony provided at the

20    suppression hearing to support the factual basis for the plea.

21        I just would indicate on the record that on March 2,

22    2005, members of the EAGLE Task Force and the Erie Bureau of

23    Police were engaged in law enforcement activities whereby the

24    defendant's vehicle was stopped in the vicinity of 26th and

25    Wallace Street here in the city of Erie.  The front passenger


17


1    of the vehicle initially identified himself as Michael Johnson.

2    Although, he had no identification.  He was asked to get out of

3    the vehicle, at which time a baggie of crack cocaine fell from

4    the defendant's person.  The defendant was then placed under

5    arrest and searched further, with crack cocaine being found in

6    his left pocket and more in his coat.  As well as a scale

7    wrapped in a plastic bag.

8        A complaint was filed initially against this

9    particular defendant under the name Michael Johnson and later

10  amended when we discovered Mr. Johnson was in fact Kenneth

11  Fleetwood here before the court.

12          In addition, the crack cocaine that was on the

13  defendant's person was sent to the Pennsylvania State Police

14  Crime Laboratory for testing, and all of those various

15  quantities of crack cocaine, which the evidence would indicate

16  was possessed with intent to distribute, Forensic Scientist II

17  John Kelton determined that there were 164.5 grams of cocaine

18  base, and the evidence would show it was in the form commonly

19  known as crack.  That would be the nature of the government's

20  proof.

21          THE COURT:  Is that consistent with your

22  understanding of what happened here, Mr. Patton?

23          MR. PATTON:  Yes, sir.

24          THE COURT:  Is that a fair statement of what

25  happened, Mr. Fleetwood?


                              18


1           THE DEFENDANT:  Yes.

2           THE COURT:  Reviewing all these things discussed

3   here today, do you still wish to plead guilty and enter what we

4  call a conditional plea, that is subject to an appeal of the

5  finding I made on the suppression hearing?

6         THE DEFENDANT:  Yes.

7         THE COURT:  Mr. Patton, over what period of time

8  have you consulted with the defendant?

9         MR. PATTON:  Since March 24th of this year.

10        THE COURT:   From the facts he has told you, do you

11  concur in his conditional plea?

12        MR. PATTON:  Yes, sir.

13        THE COURT:  Do you know of any reason he should not

14  plead guilty, other than the law surrounding the suppression?

15        MR. PATTON:  No, sir.

16        THE COURT:  Do you have any questions to ask of me,

17  Mr. Fleetwood?

18        THE DEFENDANT:  No.

19        THE COURT:  Since you do acknowledge you are in fact

20  guilty of the charge in Count One of the Indictment and based

21  on our discussion today, I find that you know your right to a

22  trial, what the maximum possible punishment is, that you are

23  voluntarily pleading guilty subject to your right of appeal on

24  the ruling by the court on the suppression motion.  I will

25  accept your guilty plea and enter a judgment of guilty on your

19

1   plea.  I will ask you to sign the endorsement indicating you

2   are changing your plea.

3          (Whereupon, the Defendant and Defense Counsel

4   execute the Change of Plea.)

5          THE COURT:  And we note that Mr. Fleetwood has

6   signed the endorsement indicating he's now withdrawing his plea

7   of guilty previously entered and that's been countersigned by

8   Mr. Patton.  I'm ordering a presentence report.  And the

9   gentleman over there, Mr. Lowers from the probation department,

10  will be talking to you about preparing that report and I urge

11  you to cooperate with him in answering his questions because

12  what that report says is going to be important as to what the

13  ultimate sentence here will be.

14         I've been given a sentencing date of March 13, 2006

15  at 11 o'clock.  March 13, 2006 at 11 o'clock.  Is there

16  anything further today?

17         MR. PICCININI:  I don't believe so, your Honor.

18         MR. PATTON:  No, your Honor.

19         THE COURT:  All right, we're in recess.

20

21          (Whereupon, at 2:25 p.m., the Change of Plea

22   proceedings were concluded.)

23

24                    - - -

25


                              20


1              C E R T I F I C A T E
               – – – – – – – – – –

2

3

4

5      I, Ronald J. Bench, certify that the foregoing is a

6   correct transcript from the record of proceedings in the

7   above-entitled matter.

8

9

10

11

12   _____

13  Ronald J. Bench

14

15

16

17

18

19

20

21

22

23

24

25