1

1           IN THE UNITED STATES DISTRICT COURT

2         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

3                     ERIE DIVISION

4                       - - -

5   United States of America      :

6        -VS-                : Criminal NO.: 05CR-00011Erie

7   KENNETH FLEETWOOD aka        :

8   MICHAEL R. JOHNSON           :

9                       - - -

10        Sentencing of KENNETH FLEETWOOD aka MICHAEL R.

11  JOHNSON, taken before Judge Maurice Cohill, on Monday, March

12  13, 2006, at the United States Federal Courthouse, Courtroom

13  "B", 17 South Park Row, Erie, Pennsylvania, 16501, commencing

14  at 11:10 a.m. and concluding at 11:15 a.m.

15                      - - -

16  APPEARANCES:

17  For the United States:
    Marshall Piccinini, Esquire
18

19  For the Defendant, K. Fleetwood:
    Thomas Patton, Esquire
20

21              REPORTED BY:  DENICE A. GRILL, RMR
                FERGUSON & HOLDNACK REPORTING, INC.
22

23

24

25

P R O C E E D I N G S

1
2
3          THE COURT:  Good morning.  Be seated, please.
4          MR. PICCININI:  Good morning.
5          MR. PATTON:  Good morning, your Honor.
6          THE COURT:  This is the time for the
7     sentencing of Kenneth Fleetwood.  Mr. Patton, have
8     you and your client reviewed the presentence report?
9          MR. PATTON:  We have, your Honor.
10         THE COURT:  I have also.  And I've also read
11    the position papers filed by the government and by
12    Mr. Patton on behalf of Mr. Fleetwood.  And I also
13    received this morning a letter that Mr. Fleetwood had
14    addressed to the Court, delivered by Mr. Patton.  And
15    I have also read that letter.  We'll make that
16    presentence report part of the record under seal.
17    And also the request that Mr. Patton made, that the
18    letter be made part of the record.  If there is an
19    appeal taken, counsel on appeal would be permitted
20    access to the report.
21         I am not aware of any information that has
22    been withheld from the defendant which was given to
23    the Court.
24         And in the wake of the recent decision by the
25    United States Supreme Court of in United States v.

1        Booker, the sentencing guidelines are now advisory

2        only.  However, the Court is still obligated to

3        consult with the sentencing guidelines in determining

4        imposition of a reasonable sentence.

5            Neither the government nor counsel for the

6        defendant have filed any legal or factual objections

7        to the presentence report.

8            So although as I said, I have reviewed the

9        position papers that each side has submitted.  If for

10       appeal later on, the paper would be unsealed.  I

11       guess since we are required at least to consider the

12       guideline levels, I'm going to make my finding with

13       respect to the guideline computations since there are

14       no factual or legal issues -- Well, I guess factual,

15       but no legal issues to be considered.

16           Initially, we find that the appropriate

17       offense level is 31, and the criminal history

18       category is Roman Numeral IV.  And that the

19       applicable guideline range is 151 to 188 months'

20       imprisonment; supervised release of five years; a

21       fine range of $15,000 to $4,000,000; and a special

22       assessment of $100.

23           At this time, Mr. Patton, is there anything

24       you wish to say or introduce any testimony on behalf

25       of your client?

1    MR. PATTON:  Your Honor, we have no testimony

2    to introduce.  And I know that you have read the

3    position with respect to sentencing factors, and I

4    know that the arguments that are -- that have been

5    put before you in those papers are very similar to

6    the arguments that were put forth before you in

7    Mr. Bennafield's case that we just had --

8        THE COURT:  I understand the argument is

9    essentially the same in the two cases.

10       MR. PATTON:  I do want to make clear to

11   Mr. Fleetwood, however, and I know your Honor has

12   given his case the individual consideration that it

13   deserves, but we don't -- it would not be helpful, I

14   don't think, to the Court to go at length over the

15   same arguments that we went through a half hour ago.

16       THE COURT:  Certainly.

17       MR. PATTON:  But I want to assure

18   Mr. Fleetwood that's not in any way trying to

19   shortchange him on an individualized sentence.

20       THE COURT:  If an appeal would be forthcoming,

21   the Court would incorporate the argument you made in

22   the prior case.

23       MR. PATTON:  I would ask the Court to consider

24   that the sentence that Mr. Fleetwood has served in

25   prison is one year.  He has six convictions.  I know

1    he has a number of arrests, but I would submit your

2    Honor cannot sentence him based solely on the basis

3    of an arrest record.

4         An arrest in and of itself means nothing.

5    There has never been any additional finding that

6    there was, you know, sufficient reason behind the

7    arrest.  There has never been any kind of judicial

8    finding that Mr. Fleetwood, you know, committed

9    offenses in connection with those arrests.

10        I would like to address the idea that somehow

11   Mr. Fleetwood needs to be punished more harshly here

12   because he's from Cleveland rather than being from

13   Erie, which is the least implicit in that, if not

14   explicit --

15        THE COURT:  I'm a Steeler football fan, but I

16   won't hold that against him.

17        MR. PATTON:  If people in Erie weren't smoking

18   crack, it wouldn't matter.  People could come in from

19   anywhere in the country.  And they would stop coming

20   if they came to Erie and couldn't sell any other

21   drugs.  It's, you know, sort of like the United

22   States lecturing Columbia or these days Afghanistan

23   about raising coca or opium.  If the rest of this

24   country weren't clamoring for drugs and willing to

25   pay for them, there wouldn't be any problem.

1    Columbia could grow as much coca as they wanted, and

2    Columbia could grow poppy as much as they want.

3         But Mr. Fleetwood is no worse or better

4    because he's from Cleveland, than someone who comes

5    before your Honor and who is a resident of Erie who

6    obtains their cocaine from somewhere outside of Erie.

7         Obviously, you know, it's not being grown and

8    manufactured here.  Everybody is getting it from

9    somewhere.  So I would suggest that Mr. Fleetwood is

10   not and should not be sentenced any more harshly

11   because he's from Cleveland.  Even if your Honor is

12   not inclined to give a sentence at the 120 month

13   mandatory minimum, as we argued in our position with

14   respect to sentencing factors, I would submit that a

15   sentence of 151 months, which is four months shy of

16   13 years, is sufficient to punish Mr. Fleetwood, and

17   to promote the purposes of sentencing that are laid

18   out in 18 United States Code Section 3553.

19        Mr. Fleetwood has provided your Honor with a

20   letter, as you mentioned.  And I had spoken to him

21   about the matter this morning, and he wants that to

22   stand as his right of allocution to the Court.

23        THE COURT:  Very well, and we will regard that

24   as such.  You don't want to say anything else, Mr.

25   Fleetwood?

1              THE DEFENDANT:  No, sir.

2              THE COURT:  Mr. Piccinini.

3              MR. PICCININI:  Thank you, your Honor.  I will

4       also be brief because most of the arguments that I

5       would make to counter the defense's position would

6       also have been made in Mr. Bennafield's sentencing

7       this morning.

8              Your Honor, with regard to the Cleveland

9       issue, the government's request is not that you

10      punish these defendants more harshly because they're

11      from Cleveland in any way, but we make the point to

12      your Honor that in each of these cases, Mr. Fleetwood

13      being one of them, these guys started out as small

14      time drug dealers in a big city such as Cleveland and

15      decided to move their trade here to the relatively

16      small town of Erie, and became a relatively large

17      scale drug dealer.

18             And if you look at the quantities of cocaine

19      involved, from the small amounts over in Cleveland,

20      for whatever reason they decided to move here because

21      they might be under the radar screen.

22             But to move here and to have more than 160

23      grams of cocaine involved in this one particular

24      incident is of particular concern.  And those --

25      That's The nature of the government's point with

1    regard to that.  You know, you look at the

2    defendant's history -- And also know I'm not asking

3    the Court to sentence him based upon his arrests.

4         There were 22 times that the man was arrested.

5    And for no other reason or indication to the Court,

6    but that he's at least had contact with the law

7    enforcement, and you know, he keeps having these

8    contacts.  No comment about whether he did anything

9    wrong.  But sooner or later you've got to get the

10   picture, I've got to stop engaging in this activity.

11   Or second guess, because whether or not I have these

12   contacts, something is not right.

13        But when you add the 22 contacts to the

14   picture, and I believe the six adult convictions,

15   well then you see just a more heighten concern,

16   including other drug related cases.  What's

17   interesting in the guidelines, they factor in

18   criminal history maybe -- or criminal history.  But

19   they don't look at what that criminal history came

20   from.  They don't look at the fact that multiple of

21   his prior convictions were cocaine related.  And here

22   we are in Federal Court on a cocaine trafficking

23   offense.

24        And based on those considerations involved in

25   3553, we believe a sentence in the guideline range is

1    appropriate.

2        THE COURT:  Thanks, Mr. Piccinini.  Well, this

3    is quite similar to the case we just finished within

4    the last hour or so.  I'm not going to repeat myself

5    to a great extent either.  But the Sentencing

6    Commission in formulating these guidelines, the

7    defendants have to understand the worst thing about

8    protection of society, as well as what those members

9    of the commission I assume felt was a fair assessment

10    of the sentence toward the defendant.

11        But as I've said many times before, I'm really

12    concerned about the extent of the drug activity, so

13    to speak, that's descended on society in the last 20

14    years.  I've seen it myself just expand by leaps and

15    bounds.  And we have to take that into consideration

16    in determining what we consider to be a fair

17    sentence.

18        Is there any reason then, Mr. Patton, that

19    sentence should not be imposed at this time?

20        MR. PATTON:  No, sir.

21        THE COURT:  Mr. Fleetwood?

22        THE DEFENDANT:  No.

23        THE COURT:  Mr. Piccinini.

24        MR. PICCININI:  No, your Honor.

25        THE COURT:  After consulting the Sentencing

1          Guidelines, it's the judgment of the Court that the

2          defendant, Kenneth Fleetwood, is hereby committed to

3          the custody of the Bureau of Prisons to be in prison

4          for a term of 168 months.

5               Upon release from imprisonment, the defendant

6          shall be placed on supervised release for a term of

7          five years.  Within 72 hours of release from the

8          custody of the Bureau of Prisons, the defendant shall

9          report in person to the Probation Office in the

10         district to which the defendant is released.

11              While on supervised release, the defendant

12         shall not commit another federal, state or local

13         crime; shall comply with the standard conditions of

14         supervision that have been recommended by the

15         Sentencing Commission and a adopted by this Court;

16         and shall also comply with the following additional

17         conditions:

18              The defendant shall not illegally possess a

19         controlled substance.

20              The defendant shall not possess a firearm or

21         destructive device.

22              The defendant shall participate in a program

23         of testing, and if necessary, treatment for substance

24         abuse as directed by the probation officer, until

25         such time as the defendant is released from the

1    program by the probation officer.  Further, the

2    defendant shall be required to contribute to the

3    costs of services for any such treatment in an amount

4    determined by the probation officer, but not to

5    exceed the actual cost.  The defendant shall submit

6    to at least one drug urinalysis within 15 days of

7    being placed on supervision, and at least two

8    periodic tests thereafter.

9         The defendant shall cooperate in the

10   collection of DNA as directed by the probation

11   officer.

12        The Court finds that the defendant does not

13   have the ability to pay a fine.  The Court will waive

14   the fine in this case due to the defendant's

15   inability to pay.

16        It is further ordered that the defendant shall

17   pay to the United States a special assessment in the

18   amount of $100 which shall be paid to the U.S.

19   District Court Clerk forthwith.

20        We believe that a sentence of 168 months

21   followed by five years of supervised release

22   adequately addresses the nature and circumstances of

23   this offense, as well as the history and background

24   of the defendant.

25        I was particularly concerned when I read the

1    presentence report that the defendant had lied even

2    after being put under oath in front of the

3    magistrate, what his name was.  And that certainly

4    mitigates against any mercy with the Court as well.

5         In imposing this sentence, we have considered

6    the kinds of sentences available, and the sentencing

7    range set forth in the guidelines, including any

8    relevant policy statements issued by the Sentencing

9    Commission.

10        This sentence takes into account the need to

11   avoid unwarranted disparities in sentencing among

12   defendants with similar records who have been found

13   guilty of similar conduct.

14        At the same time, this sentence reflects the

15   seriousness of this offense and provides just

16   punishment for it; and also promotes respect for the

17   law and affords adequate deterrence to criminal

18   conduct while protecting the public from further

19   crimes by this defendant.

20        We have considered the factors which are

21   outlined in Title 18, United States Code, Section

22   3553.  In addition, we feel that this sentence will

23   give Mr. Fleetwood an opportunity to receive

24   additional educational or vocational training,

25   medical care, and any other correctional treatment

1       available in the federal prison system.

2              Mr. Fleetwood, you have a right to appeal

3       pursuant to the plea agreement.  It apparently was --

4       There were certain restrictions on appeals in the

5       plea agreement.

6              MR. PICCININI:  There were, your Honor, and

7       this is also a conditional appeal allowing the

8       defendant to appeal your suppression ruling in this

9       case and imposed on his --

10             COURT:  Okay.  Of course you do have the right

11      to appeal with respect to the conditional appeal, and

12      the other provisions related to this sentencing.  An

13      appeal must be filed within ten days; you're entitled

14      to a lawyer at every stage of the proceedings, and if

15      you cannot afford an attorney, one will be provided

16      to you without charge.

17             I don't believe there are any counts to be

18      dismissed.

19             MR. PICCININI:  There are not, your Honor.

20             MR. PATTON:  Your Honor, again, we would

21      object to the condition of supervised release and

22      that Mr. Fleetwood provide DNA.

23             And we would also ask that you recommend to

24      the Bureau of Prisons that Mr. Fleetwood be housed at

25      FCI Elkton, which is located near Youngstown, Ohio so

1          Mr. Fleetwood could be near his family in Cleveland.

2               THE COURT:  I'll make that a recommendation.

3     Did the last defendant have Elkton in mind

4     specifically as well?

5               MR. PATTON:  He just wanted to be close to

6     Cleveland, but I believe Elkton is as close as there

7     is.

8               THE COURT:  Okay.

9               MR. PATTON:  I think you technically have to

10    rule on the objection of the DNA.

11              THE COURT:  Okay, your objection is overruled.

12              MR. PATTON:  Thank you.

13              (At which time, 11:15 a.m. the proceedings
                  were concluded.)

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATION

I, Denice A. Grill, RMR, a Court Reporter and Notary Public in and for the Commonwealth of Pennsylvania, do hereby certify that the foregoing is a true and accurate transcript of my stenographic notes in the above-captioned matter.

_____

Denice A. Grill, RMR

Registered Merit Reporter

DATED: _____